In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-043 CR


____________________



KEITH ALAN MUJICA, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 04-07-05244-CR






MEMORANDUM OPINION


 A jury convicted appellant, Keith Alan Mujica, of possession of a controlled substance
in violation of Tex. Health & Safety Code Ann. § 481.115(a) (Vernon 2003). During the
punishment phase, the State presented evidence to the jury of two prior felony convictions
having become final in the proper sequential order which raised Mujica's punishment status
to that of an habitual offender. See Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2005). 
The jury found each enhancement allegation true, and assessed Mujica's punishment at
confinement in the Texas Department of Criminal Justice - Correctional Institutions Division
for a term of seventy-five years. Mujica's appellate counsel filed a brief that concluded the
appeal was wholly frivolous. Subsequently, Mujica filed a pro se appellate brief raising eight
issues for review. The State's appellate brief addresses each of the issues raised in Mujica's
brief in detail and concludes no reversible error is shown in the record. 

 In Bledsoe v. State, the Court provides the following salient directive:

 When faced with an Anders brief and if a later pro se brief is filed, the
court of appeals has two choices. It may determine that the appeal is wholly
frivolous and issue an opinion explaining that it has reviewed the record and
finds no reversible error. Anders, 386 U.S. at 744, 87 S.Ct. 1396. Or, it may
determine that arguable grounds for appeal exist and remand the cause to the
trial court so that new counsel may be appointed to brief the issues. Stafford,
813 S.W.2d at 511. Only after the issues have been briefed by new counsel
may the court of appeals address the merits of the issues raised. Id. at 509-10
(quoting Anders, 386 U.S. at 744, 87 S.Ct. 1396). If the court of appeals were
to review the case and issue an opinion which addressed and rejected the
merits raised in a pro se response to an Anders brief, then Appellant would be
deprived of the meaningful assistance of counsel. Furthermore, this does not
deprive Appellant of his right to file a petition for discretionary review. 
Appellant is free to file a petition for discretionary review with this Court
claiming that the court of appeals erred in holding that there were no arguable
grounds for review. 


Bledsoe, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (footnote omitted). (1)

 We have reviewed the record and Mujica's brief as well as the well-written briefs filed
by appellate counsel and the State. When compared with the trial record, Mujica's brief
contains certain selected omissions of facts, and presents other facts and circumstances
entirely out of the context in which they occurred. For whatever reason of trial strategy,
Mujica chose not to present a case for his defense, relying only on the considerable cross-examination skills of his trial counsel, and on several defense exhibits admitted into evidence
in the State's case-in-chief. 

 As testified to by the State's witnesses, the facts were fairly simple. The police
received a telephone call informing them that Mujica would be at a particular address in the
city of Willis at a certain time to retrieve some methamphetamine that Mujica had left there
on a prior occasion. Prior to the day of the phone call, Mujica was suspected by agents of
the United States Drug Enforcement Administration of being involved in drug trafficking.
Law enforcement personnel set up surveillance on the particular address and observed
Mujica arrive, enter the house, stay for a short time, and exit the house. The authorities were
aware of two outstanding arrest warrants for Mujica involving prior traffic offenses. In the
attempt to stop Mujica's vehicle and execute the arrest warrants, a high-speed chase ensued
with Mujica abandoning the methamphetamine by throwing it out of his moving vehicle.
Mujica's vehicle was eventually stopped and he was arrested. The methamphetamine was
recovered from the side of the road where it was abandoned by Mujica with the total weight
recovered on the day of the arrest being 7.74 grams. Mujica's volunteered offer to provide
information to the arresting agents in exchange for his release further provided proof of
Mujica's criminal culpability for the offense charged. 

 We have carefully reviewed the entire record before us, including all briefs on file,
and we find no arguable grounds for appeal. See Bledsoe, 178 S.W.3d at 826-27. As noted
above, Mujica is free to file a petition for discretionary review raising error by this Court in
the instant appeal. Id. at 827. (2) We affirm the judgment of the trial court.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on February 24, 2006

Opinion Delivered April 12, 2006

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. "Anders" refers to Anders v. California, 386 U.S. 738, 87 S.Ct. 1386, 18 L.Ed.2d
493 (1967), and "Stafford" refers to "Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991).
2. However, as the Court of Criminal Appeals also noted: "While an appellant has a right
to file a petition for discretionary review with this Court, review is not a matter of right." 
Bledsoe, 178 S.W.3d at 827 n.6 (citing Tex. R. App. P. 66.2) (emphasis in original).